**UNITED STATES COURT OF APPEALS**
**Filed 1/23/96**
**FOR THE TENTH CIRCUIT**

———————————————

STANLEY A. TURNER,                          )
                                            )
    Plaintiff-Appellee,                 )
                                            )
v.                                          )    No. 95-1063
                                            )  (D.C. No. 93-N-2511)
GREG LOTSPEICH, individually and in his     )    (D. Colo.)
official capacity,                          )
                                            )
    Defendant-Cross-Claimant-Appellant,  )
                                            )
v.                                          )
                                            )
CITY AND COUNTY OF DENVER,                  )
                                            )
    Defendant-Cross-Claimant-Defendant.  )

———————————————

**ORDER AND JUDGMENT**[*]

———————————————

Before **BRORBY, EBEL** and **HENRY**, Circuit Judges.

———————————————

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 10th Cir. R. 36.3.

*See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.

Defendant Greg Lotspeich, a city detective, appeals the district court's denial of his motion for summary judgment asserting qualified immunity as a defense to plaintiff Stanley Turner's 42 U.S.C. § 1983 action alleging Mr. Lotspeich caused him to be falsely arrested and maliciously prosecuted by deliberately filing false affidavits in support of an arrest warrant and a search warrant and that Mr. Lotspeich deliberately misrepresented plaintiff's criminal history for purposes of obtaining a high bond.

In its fourteen-page Order and Memorandum of Decision, the district court stated:

[Plaintiff] is not attacking the facial validity of [the search and arrest] warrants with respect to Defendant Lotspeich. Instead, plaintiff's section 1983 claim against Lotspeich is based on allegations that defendant deliberately falsified or recklessly disregarded the truth when he prepared affidavits in support of the arrest and search warrants.... Thus, defendant's state of mind is an element of plaintiff's claim.

... At the time Lotspeich drafted the affidavits at issue, the law was clearly established that "an officer would violate a plaintiff's Fourth Amendment rights by knowingly or recklessly making a false statement in an affidavit in support of an arrest or search warrant, if the false statements were material to the finding of probable cause." ....

....

... I conclude that the evidence presented creates a genuine issue of material fact as to the objective reasonableness of Lotspeich's actions, specifically relating to false statements or reckless disregard for the truth in the

2

completion of the affidavits for an arrest and search warrant.

Although we have jurisdiction over interlocutory appeals challenging a district court's denial of a motion for summary judgment asserting qualified immunity, "the scope of such appeals is limited to 'purely legal' challenges to the district court's ruling on whether a plaintiff's legal rights were clearly established, and cannot include attacks on the court's 'evidence sufficiency' determinations about whether there are genuine disputes of fact." *Sevier v. City of Lawrence,* 60 F.3d 695, 700 (10th Cir. 1995) (citing *Johnson v. Jones, ___ U.S. ___, 115 S. Ct. 2151, 2156 (1995)).* We can only review whether the district court "mistakenly identified clearly established law [given] the facts that the district court assumed when it denied summary judgment for that (purely legal) reason." *Johnson*, 115 S. Ct. at 2159. To the extent Mr. Lotspeich now contends it was error for the district court to conclude the evidence set forth a genuine issue of material fact whether he was qualifiedly immune, we lack jurisdiction over his appeal, and therefore express no opinion on the matter.

Mr. Lotspeich also contends the district court misconstrued the applicable law when it concluded his state of mind is an element of Mr. Stanley's claim he falsified affidavits in order to obtain the arrest and search warrants. We disagree. "[T]he law [is] clearly established that an officer would violate a plaintiff's Fourth and Fourteenth Amendment rights by knowingly or recklessly making a false statement in an affidavit in support of an

3

arrest or search warrant, if the false statement were material to the finding of probable cause." *Bruning v. Pixler*, 949 F.2d 352, 357 (10th Cir. 1991) (citing *Franks v. Delaware*, 438 U.S. 154, 155-156 (1978) (additional citation omitted)), *cert. denied*, 504 U.S. 911 (1992).  In such a case, "the state of mind with which [d]efendants allegedly acted [is] an element of [p]laintiff's claim." *Bruning*, 949 F.2d at 357.

Finally, Mr. Lotspeich argues that the allegedly false facts contained in the search warrant are irrelevant to the issues.  We lack jurisdiction to review this issue.

We **AFFIRM** the district court's interpretation of the applicable law, **DISMISS** the remaining contentions on appeal for lack of jurisdiction, and **REMAND** the case to the district court for further proceedings consistent with this decision.

               **Entered for the Court:**

               _____
               **WADE BRORBY**
               United States Circuit Judge